UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARVEY PAUL SMITH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-1573 |
| | § | |
| U.S. DEPT OF HEALTH AND HUMAN SERVICES, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant U.S. Department of Health and Human Services' ("HHS") motion to dismiss plaintiff Harvey Paul Smith's complaint. Dkt. 11. After considering the motion, the responses, the complaint, and the applicable law, the court is of the opinion that the motion to dismiss should be GRANTED.

**I. BACKGROUND**

In 2005 Smith opened a facility he calls Harmony House, for which he obtained a Medicare Provider number. Dkt. 1 at 2. From 2005 to 2010, Smith claims that Harmony House received an average of $25,000 per month in Medicare reimbursement payments. *Id.* However, HHS withdrew Harmony House's Medicare provider number in early 2010 and appointed a receiver in April 2010. *Id.* The receiver required Smith to return $30,000 to HHS in order to reinstate Harmony House's Medicare provider number. *Id.* After reinstatement, the reimbursement payments to Harmony House dropped to approximately $17,000 per month. *Id.* At that point, Smith transferred his stock in Harmony House to another individual. *Id.*

Smith asserts that HHS wrongfully and without cause stripped him of his Medicare provider number, which effectively put him out of business. *Id.* Smith argues that he has lost hundreds of

thousands of dollars so far, and stands to lose millions of dollars in future earnings. *Id.* On this basis, Smith brought a lawsuit against HHS alleging that HHS 1) violated his constitutional rights under the 1st and 14th Amendments when it took Smith's Medicare provider number away without cause; 2) tortiously interfered with a prospective business relationship between Smith and Harmony House; and 3) intentionally or recklessly inflicted emotional distress on Smith. *Id.* at 3.

HHS filed a motion to dismiss Smith's complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(1). Dkt. 11 at 2. HHS argues that Smith lacks standing to bring his claims because any claims would belong to Harmony House, not Smith. Dkt. 11 at 3. HHS also asserts that it is immune from the suit under sovereign immunity, and Smith has not established unequivocal waiver of that immunity. *Id.* at 4. Smith has responded to the motion and it is ripe for disposition.

## II. Legal Standard

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Parties may use this rule to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 284 F.3d 158, 161 (5th Cir. 2001). Generally, "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* "The burden of proof in such a challenge is on the party asserting jurisdiction." *Id.* However, "there is no mandatory sequencing of jurisdictional issues," and "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Int'l. Co. Ltd. v. Malaysia Int'l. Shipping Corp.*, 549 U.S. 422, 431, 127 S. Ct. 1184, 1191 (2007) (internal quotations omitted). "A motion

under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders*, 143 F.3d at 1010.

### III. LAW & ANALYSIS

Smith brings his claims under federal question jurisdiction and pendant jurisdiction. 28 U.S.C. §§ 1331, 1367.

"It is well settled that the United States may not be sued except to the extent that it has consented to suit by statute." *Koehler v. United States*, 153 F.3d 263, 265 (5th Cir. 1998) (citing *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361 (1990)). "The terms of such consent, if any, may not be implied but must be unequivocally expressed." *Id.* Therefore, if the United States has not consented to suit or the plaintiff is not in exact compliance with the terms of the statute that waives sovereign immunity, the court lacks jurisdiction over the case and it must be dismissed. *Id.* at 265–6.

The Medicare Act also speaks to the issue of consenting to a lawsuit: "[n]o action against the United States, [HHS], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h) (provision originating in the Social Security Act, but incorporated into the Medicare Act through 42 U.S.C. § 1395ii). Claims that "arise under" the subchapter are not limited to monetary benefits, and encompass a variety of claims, including claims that involve program eligibility or the "application, interpretation, or constitutionality of interrelated regulations or statutory provisions." *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13–14, 120 S. Ct. 1084 (2000). Therefore, a constitutional challenge related to the administration of the Medicare Act would be subject to 42 U.S.C. § 405(h).

Further, the Fifth Circuit has explained that 28 U.S.C. § 1367(a) "deals only with the federal courts' power to exercise subject matter jurisdiction over certain claims and does not operate as a waiver of the United States sovereign immunity." *Wilkerson v. United States*, 67 F.3d 112, 119 n.13 (5th Cir. 1995). Therefore, "the doctrine of pendant jurisdiction cannot be used to waive the United States' sovereign immunity unless Congress specifically allows it." *Id.* (citing *Ware v. United States*, 626 F.2d 1278, 1286 (5th Cir. 1980)).

Smith bears the burden to establishing jurisdiction in this case, and in the face of a claim of sovereign immunity, Smith must show that the United States has unequivocally consented to suit for Smith's claims. However, the Medicare Act is clear that the United States does not consent to suit for Medicare Act claims brought under 42 U.S.C. § 1331, and 28 U.S.C. § 1367 does not establish a waiver of sovereign immunity. Smith's only response to the assertion of sovereign immunity is "a good faith argument . . . either in equity or for a reasonable extension of existing law, in that the Government has forced the Plaintiff, who is a 93 year old widower, into abject poverty." Dkt. 13 at 3. While the court recognizes the difficulty of Smith's plight, the law requires more to establish a waiver of sovereign immunity. *See Peterson v. Weinberger*, 508 F.2d 45, 51–52 (5th Cir. 1975).

## IV. Conclusion

For the foregoing reasons, Smith has not established jurisdiction and his claims are barred by sovereign immunity.  Accordingly, HHS's motion to dismiss is **GRANTED**.[1]

It is so **ORDERED**.

Signed at Houston, Texas on March 31, 2015.

_____
Gray H. Miller
United States District Judge

---

[1] Because sovereign immunity bars Smith's claim, the court need not consider HHS's standing argument.